IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BOBBY LEE ROBERTSON,     PLAINTIFF
ADC #121746

v.     4:22CV00796-JM

DEXTER PAYNE, et al.     DEFENDANTS

## ORDER

Because this the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this civil action and to order the entry of a final judgment, the Recommendation entered on December 2, 2022 (Doc. No. 34) is WITHDRAWN.

Pending is Plaintiff's Motion for Temporary Restraining Order. (Doc. No. 27). For the reasons set out below, Plaintiff's Motion (Doc. No. 27) is DENIED.

## I. INTRODUCTION

Bobby Lee Robertson ("Plaintiff") was incarcerated at the Maximum Security Unit of the Arkansas Division of Correction ("ADC") when he filed this lawsuit. (Doc. No. 2). Plaintiff sued multiple Defendants pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights; only Plaintiff's retaliation claims against Defendants Payne, Gibson, Shipman, Carroll, and Washington, and Plaintiff's Eighth Amendment claim against Defendant Shipman, remain pending. (Doc. Nos. 2, 6, 22).

Plaintiff now has filed a Motion for Temporary Restraining Order, which the Court will treat as a request for preliminary injunction. (Doc. No. 27.) Plaintiff asks the Court to enter an Order to protect him from further retaliation. (Id. at 6). Plaintiff also asks to be transferred to a different unit. (Id.). Defendants Payne, Gibson, Shipman, Washington, and Carroll (collectively, "Defendants") have responded. (Doc. No. 32).

II.     **PLAINTIFF'S MOTION**

As mentioned above, Plaintiff's retaliation claims against Defendants Payne, Gibson, Shipman, Carroll, and Washington, and Plaintiff's Eighth Amendment claim against Defendant Shipman, remain pending. (Doc. Nos. 6, 22). In his Motion, Plaintiff alleges that prison staff "have been tampering with [his] legal mail . . . ." (Doc. No. 27 at 1). Plaintiff then describes "[i]ncidents since filing [this] lawsuit" on September 2, 2022. (Id. at 2).

According to Plaintiff, on September 29, 2022 he was sexually harassed by a Sergeant Conway—not a party to this action—and put in danger after Sergeant Conway "yelled out to the entire barracks" that Plaintiff is a snitch. (Id.). Plaintiff "wrote letters, and sent request forms to" Defendant Shipman and Maurice Culclager, who is no longer a Defendant in this action. (Id.). Plaintiff asked to be separated from Sergeant Conway and to be transferred to a different unit. (Id.). Plaintiff alleges Defendant Shipman was deliberately indifferent and turned a blind eye to Sergeant Conway's behavior. (Id.). Plaintiff says he fears retaliation by Sergeant Conway and her coworkers, presumably because Plaintiff called the PREA hotline and reported the sexual harassment. (Doc. No. 27 at 2).

Plaintiff then alleges that Sergeant Conway retaliated against him on October 4, 2022 by filing a false disciplinary against him. (Id.). The disciplinary was dismissed on October 9, 2022. (Id. at 3).

On October 29, 2022, Lieutenant McDowell, Sergeant Conway's boss, allegedly harassed Plaintiff by telling Plaintiff he could not look out of the kitchen window. (Id.). Lieutenant McDowell, along with Sergeant Gill, Corporal Lee, and Sergeant Vincent rushed Plaintiff to put him in handcuffs. None of these individuals are parties to this lawsuit. Plaintiff alleges Lieutenant McDowell then lied and said Plaintiff refused to be searched before returning to his

barracks.  (Id.).  Plaintiff subsequently was escorted to 7 Barracks where Sergeant Gill and Corporal Lee physically assaulted Plaintiff and "forced [him] into an unsanitary cell that was full of human feces on the wall and in the toilet [and] [t]he walls had pepper spray on them and the floors were filthy."  (Id. at 4).  Plaintiff was moved to a different cell the same day.  (Doc. No. 27 at 4).  Plaintiff reported the incident to the PREA and state police.  (Id.).  Plaintiff also filed emergency grievances and sent request forms to Defendant Shipman and Maurice Culclager who again "turned a blind eye" and refused to investigate Plaintiff's allegations.  (Id.).

On November 2, 2022, Lieutenant McDowell served Plaintiff a false disciplinary alleging that Plaintiff was "insolent, by using profanity toward her."  (Id.).  And just days later, Sergeant Gill, one of the officers who allegedly assaulted Plaintiff, issued a false disciplinary alleging Plaintiff refused a direct order.  (Id.).  Plaintiff maintains that Sergeant Gill issued this disciplinary in retaliation for Plaintiff reporting the October 29 incident to the state police.  (Doc. No. 27 at 5).

On November 3, 2022, Plaintiff had a disciplinary hearing and was found guilty of certain violations.  (Id.).  As a result, Plaintiff's TE date was moved to 2025.  (Id.).  Plaintiff maintains all the adverse actions against him are as a result of his pending cases and because Defendant Shipman and Maurice Culclager turned a blind eye.  (Id.).  Plaintiff asks to be sent to a different ADC unit because he fears retaliation, among other reasons.  (Id. at 2, 6).

### III. STANDARD

In considering whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.  Dataphase

Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  No single factor is dispositive.  Id.  Absent a showing of real or immediate threat, however, there can be no showing of irreparable injury.  Randolph v. Rogers, 170 F.3d 850, 856 (8th Cir. 1999) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

A preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside the issues in the suit."  DeBeers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945). The moving party bears the burden of proving that a preliminary injunction should be issued.  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).  "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  Id. (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

**IV.   DISCUSSION**

In his Motion, Plaintiff makes allegations against individuals who are not Defendants (or not current Defendants) in this action or Plaintiff's other pending cases, Robertson v. Payne, 4:20-cv-01171-KGB-ERE (E.D. Ark.) and Robertson v. Smith, 4:22-cv-00645-LPR-JTK (E.D. Ark.). Granting relief in connection with those individuals would not be proper.  DeBeers Consol. Mines Ltd., 325 U.S. at 220.  The Court notes there is no conspiracy claim pending in this case.  (Doc. Nos. 2, 6, 22).  As to any active Defendants, in his Motion Plaintiff makes allegations against Defendant Shipman only.

4

In his Motion, Plaintiff alleged that after he filed this case, Defendant Shipman ignored wrongful conduct by ADC officials in retaliation for Plaintiff's earlier and present litigation.[1] As relief, Plaintiff sought transfer to another unit because he feared further retaliation. Plaintiff's address of record is the Tucker Maximum Security Unit of the ADC. Mail sent to Plaintiff at that address, however, was returned as undeliverable. (Doc. No. 30). It appears that at some time after Plaintiff filed his Motion, he left the Maximum Security Unit. Defendant Shipman is Warden at the Tucker Maximum Security Unit. (Doc. No. 14 at ¶ 6). Because Plaintiff is no longer in custody at the Tucker Maximum Security Unit where Defendant Shipman allegedly continues to retaliate against him, his request for preliminary injunctive relief is moot. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("a prisoner's claim for injunctive relief . . . is moot if he or she is no longer subject to those conditions.").

IT IS THEREFORE ORDERED that

1.  The pending Recommendation (Doc. No. 34) is WITHTDRAWN, and

2.  Plaintiff's Motion for Temporary Restraining Order (Doc. No. 27) is DENIED.

Dated this 2nd day of December, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Defendant Shipman was served in Robertson v. Payne, 4:20-cv-01171-KGB-ERE on October 9, 2020, approximately two years ago. Plaintiff's amended pleading in Robertson v. Smith, 4:22-cv-00645-LPR-JTK has not yet been screened pursuant to the Prison Litigation Reform Act; no Defendant in that case has been served. Defendant Shipman was served in the case at hand on September 20, 2022. (Doc. No. 10).